## ALFRED SODERMAN *vs.* THE AMERICAN BARK HAWAIIAN ISLES.

### June 22, 1906.

*Seaman's suit for wages against ship:*   Action *in rem* begun against a vessel for seaman's wages one day after the same became due, without allegations that the vessel had left port without payment of such wages or that she was about to proceed to sea before the end of ten days after the same were due.   *Held,* under sections 4546 and 4547 R. S. U. S., that the action was premature.

*Mate in charge of the watch on duty—Agency—Negligence—Liability of owners:*   A mate in charge of the watch on duty is not thereby the representative of the owners in place of the captain, in matters in which the negligence of such an agent would make the owners liable.

*Admiralty rule 16—Action for breach of contract:*   This rule applies to a libel for assault and battery within the jurisdiction of an admiralty court, when the treatment complained of is limited to a single occasion and is without the knowledge of the master, and such a suit must be *in personam,* even though it is brought for breach of the implied contract to treat the libelant humanely as an articled seaman.   But where there is a continued course of ill treatment known to and tolerated by the master, the rule does not apply and libels for damages therefor may be brought *in rem.*

*Negligence of master in knowingly engaging an officer with a reputation for brutality—Liability of owners:*   A master engaging a mate with a reputation for brutality known to the master, renders the owners liable for inexcusable assaults of such mate on members of the crew; but continuing a mate in the employ of the ship who had previously been convicted of assault on the same ship with the same master, the circumstances of such assault not being given to the court, is not such negligence on the part of the master as would make the owners liable for a second assault.

*Maintenance and cure of seaman injured in service of vessel—Liability of owners:*   Ship is liable for maintenance and cure of seaman injured in its service, whether such injury is due to perils of the sea, negligence or ill treatment of the master or libelant's fellow servants.

*Misjoinder—Amendment—Surplusage:*   Not necessary to file a new or amended libel in misjoinder of claim of wages and claim for damages for assault, in libel *in rem*.   Claim for damages may be rejected as surplusage.

*In Admiralty*:   Exceptions to libel.

*Geo. A. Davis,* Proctor for Libelant.
*Holmes & Stanley,* Proctors for Libellee.

DOLE, J.   This is a libel *in rem* for breach of contract and for wages.   The master of the libellee, Walter M. Mallett, intervening as master and bailee on behalf of the owners of the said bark, filed his answer and exceptions in one document. The second cause of exception is that so far as the libel contains a claim for wages, it was filed prematurely and the court was without jurisdiction to cause process of attachment to issue against the libellee, no showing having been made in the libel that any dispute for wages had arisen between libelant and the master of the libellee, or that the libellee had departed from her port of delivery, to wit, Honolulu, or that she was about to proceed to sea before the end of the ten days next after the date when such wages became due.

This ground of exception is made under sections 4546 and 4547 of the Revised Statutes, the latter as amended by act of December 21, 1898 (30 Stat. L., chap. 28, p. 756).   These sections provide that in case the wages of a seaman are not paid within ten days after the time when the same become due according to law, or any dispute arises between the master and

the seaman touching the wages, the district judge for the district where the vessel is or in his absence, any justice of the peace or any commissioner of a district court, may summon the master to appear and show cause why process should not issue against the ship to answer for the wages. In such proceedings, if the master neglects to appear or after appearing does not show that the wages are paid or otherwise satisfied or forfeited, and if the matter in dispute is not forthwith settled, such officer shall certify to the clerk of the district court that there is sufficient cause of complaint whereon to found admiralty process, whereupon the clerk shall issue such process against the vessel. The statute provides for the speedy trial of the issue according to the usual conduct of admiralty courts in such cases, and further provides that "nothing herein contained shall prevent any seaman from maintaining any action at common law for the recovery of his wages, or having immediate process out of any court having admiralty jurisdiction wherever any vessel may be found, in case she shall have left the port of delivery where her voyage ended before payment of the wages or in case she shall be about to proceed to sea before the end of the ten days next after the day when such wages are due in accordance with section forty-five hundred and twenty-nine of the Revised Statutes."

The object of this legislation appears to be to provide a simple and inexpensive proceeding for ascertaining whether the sailor has a good cause of action and if so to initiate proceedings for the trial thereof, but providing for the sake of protection to the seaman, in case the ship has left the port or if she is about to leave within ten days after the seaman's wages are due and payable, the right of immediate action at common law or in admiralty against the ship for the recovery of his wages.

According to section 4529 of the Revised Statutes, in voyages from a port on the Atlantic to a port on the Pacific, wages are to be paid seamen "within twenty-four hours after the cargo has been discharged or within four days after the sea-

man has been discharged, whichever first happens." The libel recites that the libellee arrived at Honolulu on or about the 11th day of May, 1906. The libel was filed on the 12th day of May, 1906, and there is no allegation of the discharge of the libelant in Honolulu, although there is an implied statement that he left the said vessel on or about the 11th day of May, 1906. Accepting such implication as a statement of the termination of the voyage, his wages were not then due on the 12th, four days not having expired, although in all cases the seaman is entitled at the time of his discharge, to one-third of the balance of wages owing him. It does not appear from the libel that there was any dispute between the libelant and the master regarding wages, and no foundation is laid for proceedings in admiralty in the absence of the preliminary proceedings referred to for the investigation of the sufficiency of his cause of action, the ship not having left the port and there being no allegation that she was about to proceed to sea before the end of the ten days next after the date when the wages would become due.

It seems to me, under this showing, that the contention of the libellee in the second ground of his exceptions as to the suit being prematurely brought is supported by the statutes and the facts alleged. So far, therefore, as that part of the libel is concerned which relates to the claim for wages, the second ground of the exceptions is allowed.

The third ground of exception pleads admiralty rule No. 16 as to the claim for damages set forth in the fourth and fifth articles of the libel. This question was taken up in a recent decision of this court in the case of *Robert H. Curtis v. The Dirigo* (Ante, p. 92), but counsel for the libelant claims that the circumstances of this case differentiate it from that, and contends that the mate, who was complained of as making the assault, being at the time of such assault in charge of the watch on duty, was for the time being the agent of the owners. He gives no authorities on this point and I have not found any which make the mate, simply because he is in charge of a watch,

the representative of the owners in place of the captain in matters in which the negligence of such agent would make the owners liable. But this case is not to be disposed of on the question of negligence, for the act of assaulting the libelant, taking the allegation of the libel as true, was not an act of negligence but an act of violence, and according to some of the authorities it would not make any difference whether such assault was done by the mate or by the captain himself. "The libelant cannot recover in this suit any damages for assault made upon him and injuries inflicted by the violence of the captain and his subordinate officers, because admiralty rule 16 does not permit a suit *in rem* to recover damages for such injuries." *The Fred E. Sander,* 95 Fed. Rep. 829, 831; *The Lyman D. Foster,* 85 Id. 987, 988. The libel shows no negligence on the part of the master, who was asleep in his cabin at the time, unless his refusal, as appears in the testimony, to make an entry in the log of the affair, can be considered as negligence. But as that was something to be done, if it was his duty to do it, after the assault complained of, it has in my mind no relation to the question of negligence on the part of the captain in relation to the assault.

Counsel referred also to the fact that the mate had been before convicted of assault in the same ship and under the same master of which the master had full knowledge, and that the continued employment of such a person as mate was evidence of negligence sufficient to make the owners liable for acts of violence which he might do. I think that where a master engages an officer who has a known reputation for brutality, and the master is cognizant of such reputation, that the owners might be liable for his inexcusable assaults on the sailors of the ship, but a single case of assault, as to the circumstances of which the court is not informed, is not sufficient to make the engagement of such a man an act of negligence which would make the owners responsible for his subsequent assaults on seamen. Admiralty rule 16 precludes the libelant from maintaining a suit *in rem* against the vessel to recover damages for

an assault and battery as complained of in this case. The rule may be an arbitrary one but the courts are compelled to follow it unless the circumstances are sufficient to take the case out of the rule and justify its trial on the score of negligence.

Counsel for the libelant has referred to *Benedict* in his work on Admiralty, when he suggests that the rule refers only to cases of tort and that if cases for assault are brought as breach of contract the rule does not apply, and he says that there are no authorities or decided cases to the contrary. He cites no cases which support Benedict's suggestion, but there are precedents in opposition to it.

The case of *The Guiding Star,* 1 Fed. Rep. 347, appears to be a case in which the complaint for an assault was on the basis of a breach of contract, the statement of the case saying "that the master shipped him under a contract to serve as roustabout at one dollar per day, and also 'to receive kind and humane treatment, and his board or rations during the trip, and to be brought back to Madison'." The court said:

" It seems to be the opinion of Mr. Benedict, however, that this rule (referring to rule 16) is confined to cases technically for assault and battery as a mere tort, and that if the action be brought on a contract, as for not carrying a passenger safely, or without injury, or for not treating with kindness a passenger or seaman, an assault or beating being the gravamen of the breach, that the suit may be *in rem* against the vessel. No authorities, however, are cited to this proposition, and upon a careful examination I have been unable to find any which lend it support. * * * If it had been supposed that the court could entertain jurisdiction *in rem* of a suit for an assault, it is incredible that precedents for such suits should not be found in the books, for cases of aggravated assaults upon seamen are of the commonest occurrence. Upon the contrary, in all reported cases of this kind the actions are *in personam* only. * * *An Act of congress making the damages occasioned by assaults of officers upon seamen a lien upon the ship may be the only effectual means of checking the brutality and inhumanity so frequently seen on shipboard, but I am satisfied that the law at present warrants no such method of procedure." *Curtis v. The Dirigo,* Ante, p. 92.

Counsel for the libelant cites *The Marion Chilcott,* 95 Fed. Rep. 688, and *The Lizzie Burrill,* 115 Id. 1015, as supporting his contention on this point. In the former the court says, " I hold that the vessel is liable in this case for the consequences of continued abusive treatment on the part of the first mate, which should have been prevented by the captain." In *The Lizzie Burrill,* the evidence showed continuous and persistent ill treatment of the libelant, which was encouraged by the master. Neither of these cases apply to the case before the court.

It seems to me, therefore, that under the precedents and a reasonable construction of the rule, the third ground of the exceptions must be allowed unless the libelant's contention that he is, at any rate, entitled to damages for maintenance and cure in connection with the injuries received, is valid. He would be entitled to such damages if the evidence showed a necessity for medical treatment on account of such injuries, but in this case, the injuries were so slight that libelant was working as usual before the vessel arrived in port, less than two days after they were received. He consulted a physician at the instance of his counsel after he arrived, obviously for the sake of obtaining the physician's testimony for the prospective litigation. Such testimony did not show that libelant stood in any special need of medical treatment although some slight treatment was rendered which was probably beneficial. Only two visits to the physician were made, at the second of which there was an examination but no treatment. Under these circumstances the claim for maintenance and cure seems too trivial to merit consideration.

The first ground of exception, to the effect that there is misjoinder in the libel in alleging two distinct causes of complaint, is disposed of by the rulings so far made. In that particular, however, I will refer to the case of *The Falls of Keltie,* 114 Fed. Rep. 357, 359-360, which provides that although a suit for wages and for damages for assaults cannot be litigated in the same suit *in rem,* it is not necessary to file a new or amended

libel on account thereof but that the court will ignore the claim for damages as surplusage.

The exceptions being allowed, there is no necessity for further consideration of the evidence.

The case is dismissed with costs.